**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVIN JAKE DOUMA,** )<br>)<br>    **Petitioner,** )<br>)<br>v. )<br>)<br>**RANDALL WORKMAN, Warden,** )<br>)<br>    **Respondent.** ) | Case No. 06-CV-0462-CVE-FHM |

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 7). Petitioner filed a response to the motion to dismiss (Dkt. # 9). Respondent's motion to dismiss is premised on the allegation that Petitioner failed to file this petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be denied. The Court further finds that although consideration of the single claim raised in the petition is not precluded by the statute of limitations, the claim is without merit. Therefore, the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

Petitioner was convicted by a jury of First Degree Murder and sentenced to life imprisonment in Tulsa County District Court, Case No. CRF-84-1661. Petitioner was sixteen (16) years old at the time of the murder, and seventeen (17) years old at the time of trial. He was tried as an adult.

Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On January 29, 1988, the OCCA affirmed Petitioner's conviction in a published

opinion, Douma v. State, 749 P.2d 1163 (Okla. Crim. App. 1988). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

Eighteen (18) years later, on January 30, 2006, Petitioner filed his first application for post-conviction relief in the state district court. See Dkt. # 8, Ex. 2. By Order filed March 20, 2006, the state district court denied the application. See Dkt. # 8, Ex. 1. Petitioner appealed. By Order filed August 7, 2006, in PC-2006-418, the OCCA affirmed the denial of post-conviction relief. (Dkt. # 8, Ex. 1).

The Clerk of Court received the instant federal petition for writ of habeas corpus for filing on September 6, 2006. See Dkt. # 1. Petitioner signed the Declaration Under Penalty of Perjury on September 1, 2006. See id. In the petition, Petitioner argues, as he did in his application for post-conviction relief, that his sentence is unconstitutional pursuant to Roper v. Simmons, 543 U.S. 551 (2005).

## *ANALYSIS*

### A.  Statute of limitations

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

It is clear that under § 2244(d)(1)(A), this habeas petition is time barred. After the OCCA entered its order affirming Petitioner's conviction on direct appeal, his conviction became final when

the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, Petitioner's conviction entered in Case No. CF-84-1661, became final 90 days after January 29, 1988, or on April 28, 1988, approximately eight (8) years before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the grace period. Petitioner did not file his post-conviction application until January 30, 2006, or more than eight (8) years beyond the April 24, 1997 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding filed by Petitioner did not toll the limitations period in this case. Therefore, the habeas corpus petition, filed September 6, 2006, is untimely under § 2244(d)(1)(A).

Petitioner's claim, however, is based on the Supreme Court's decision in Roper v. Simmons, 543 U.S. 551 (2005). To the extent Petitioner argues that under § 2244(d)(1)(C), the limitations period relevant to this action commenced on March 1, 2005, when the Supreme Court issued its opinion in Roper v. Simmons, 543 U.S. 551 (2005), the Court disagrees with Petitioner's argument. As stated above, § 2244(d)(1)(C) delays the start of the limitations period only for newly recognized

constitutional rights that are retroactively applicable. 28 U.S.C. § 2244(d)(1)(C). In Roper, the Supreme Court held that execution of individuals who were under 18 years of age at the time of their capital crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment. Roper, 543 U.S. at 568. The scope of Roper is narrow: it applies only where an individual under 18 years of age is sentenced to death. In the instant case, Petitioner was under 18 years of age, but he was sentenced to life imprisonment, not death. "Although the execution of a juvenile is impermissible under the Eighth and Fourteenth Amendments, sentencing a juvenile to life imprisonment is not." Culpepper v. McDonough, 2007 WL 2050970 (M.D. Fla. July 13, 2007) (citing United States v. Feemster, 483 F.3d 583 (8th Cir. 2007)). Therefore, even assuming Roper applies retroactively to cases on collateral review, it does not announce a constitutional right newly recognized by the Supreme Court which is applicable or relevant to Petitioner's case. See Smith v. Howes, 2007 WL 522697 (E.D. Mich. Feb. 14, 2007). As a result, the Court finds Petitioner is not entitled under 28 U.S.C. § 2244(d)(1)(C) to have his limitations clock reset to March 1, 2005, the date the Supreme Court issued Roper.

Petitioner argues, however, that "[i]t is a discriminatory act to use culpability as a sentencing factor in death penalty cases and not also apply it in non-death penalty cases." See Dkt. # 1. In his response (Dkt. # 9) to the motion to dismiss, Petitioner contends that "to use culpability as a mitigating factor in juvenile death penalty cases and not also use culpability as a mitigating factor in non-death penalty juvenile cases is unconstitutional" because the United States Constitution guarantees equal protection to all citizens. He argues that Roper provides the factual predicate for his equal protection claim and that under § 2244(d)(1)(D), his petition is timely.

5

The Court agrees with Petitioner. As indicated above, the one-year limitations period may commence to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). In this case, the factual basis of Petitioner's equal protection argument did not exist until issuance of the Roper decision on March 1, 2005. As a result, absent a tolling event, Petitioner had until March 1, 2006, to file a timely petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was tolled, or suspended, for 189 days, from January 30, 2006, through August 7, 2006, during the pendency of Petitioner's post-conviction proceeding. As a result, once the OCCA affirmed the state district court's denial of post-conviction relief, Petitioner had to file his petition by September 6, 2006, in order to be timely. The Clerk of Court received Petitioner's habeas petition for filing on September 6, 2006. Therefore, upon application of § 2244(d)(1)(D), the Court finds Petitioner's equal protection claim premised on the Supreme Court's Roper decision is timely. Respondent's motion to dismiss shall be denied.

**B. Equal protection claim**

Having determined that Petitioner's equal protection claim is timely, the Court nonetheless finds that Petitioner is not entitled to habeas corpus relief. Petitioner argued in his post-conviction proceeding, as he does in the instant action, that "it is a discriminatory act to use culpability as a sentencing factor in death penalty cases and not also apply it in non-death penalty cases." See Dkt. # 1, attached copy of Application for Post-Conviction Relief. The state district court denied relief, finding that Petitioner was requesting an enlargement of the Roper decision to include all juvenile cases, not just those seeking the death penalty, and that Petitioner had failed to refer the court to any jurisdiction which had adopted Petitioner's position. The OCCA affirmed the district court's

rejection of Petitioner's claim, agreeing that the Roper ruling was inapplicable to Petitioner's case since Petitioner was not sentenced to death. Id., attached copy of OCCA's Order Affirming Denial of Post Conviction Relief.

When a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). In this case, Petitioner's effort to establish an equal protection claim is misguided. Petitioner makes no argument that he is a member of a "suspect class" or that he is being treated differently than "similarly situated" prisoners. Significantly, he is not similarly situated to those juveniles who received death sentences. In his response to the motion to dismiss (Dkt. # 9), Petitioner explains the basis of his equal protection claim as follows:

> Juveniles tried as adults for non-capitol (sic) offenses are not accorded reduced culpability as a mitigating factor, yet they, like the petitioner, are still juveniles...if the petitioner had been tried for a capitol (sic) offense he would have had his culpability considered as a mitigating factor. The petitioner asserts that he should be re-sentenced with his culpability reflected in such a sentence.

(Dkt. # 9). Petitioner's claim fails, however, because the Supreme Court has limited its holdings concerning mitigating evidence to capital cases. In Harmelin v. Michigan, 501 U.S. 957 (1991), the Supreme Court explained that, "'The penalty of death differs from all other forms of criminal punishment, not in degree but in kind. It is unique in its total irrevocability. It is unique in its rejection of rehabilitation of the convict as a basic purpose of criminal justice. And it is unique, finally, in its absolute renunciation of all that is embodied in our concept of humanity.'" Id. at 995-

7

96 (quoting Furman v. Georgia, 408 U.S. 238, 306 (1972) (Stewart, J., concurring)). As a result, the Supreme Court drew "the line of required individualized sentencing at capital cases" and limited consideration of mitigation evidence to capital cases only. Id. at 996. Petitioner was not sentenced to death and, as a result, is not entitled to have "reduced culpability" considered as a mitigating factor based on Roper. Petitioner has failed to satisfy 28 U.S.C. § 2254(d) and his petition for writ of habeas corpus shall be denied.

## *CONCLUSION*

Under 28 U.S.C. § 2244(d)(1)(D), Petitioner filed his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss time barred petition shall be denied. Nonetheless, Petitioner's habeas claim lacks merit and the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition as barred by the statute of limitations (Dkt. # 7) is **denied**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 13th day of August, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT